IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHARLES W. KING                                                                    PLAINTIFF

         v.                              Civil No. 04-6095

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                            DEFENDANT

## MEMORANDUM OPINION

### Factual and Procedural Background:

The plaintiff in this case has appealed the final decision of the Commissioner of the

Social Security Administration (hereinafter "Commissioner"), denying his claim for a period of

disability and disability insurance benefits (hereinafter "DIB"), pursuant to §§ 216(i) and 223 of

Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i)* and *423.*  Both

parties have filed appeal briefs (Doc. #9 & 10).  In this judicial review, the court must

determine whether there is substantial evidence in the administrative record to support the

Commissioner's decision. *42 U.S.C. § 405(g).*

The history of the administrative proceedings is contained in the respective appeal briefs

and will not be recounted here except as necessary.

The plaintiff asserts disability due to:   status post bilateral total hip replacements;

arthritis; hypertension; and degenerative joint disease of the knees.  The issue before this Court

is whether the Commissioner's decision is supported by substantial record evidence.

Specifically, the plaintiff asserts that the ALJ erred  in proffering a deficient hypothetical

question to the vocation expert (hereinafter "VE"); and, in discrediting his subjective

allegations and nonexertional limitations (Doc. #9, p. 1-2).

The Commissioner has established, by regulation, a five-step sequential evaluation for determining whether an individual is disabled.

The first step involves a determination of whether the claimant is involved in substantial gainful activity. *20 C.F.R. § 404.1520(b).* If the claimant is, benefits are denied; if not, the evaluation goes to the next step.

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has a severe impairment or combination of impairments. *Id., § 404.1520(c); see 20 C.F.R. § 404.1526.* If not, benefits are denied; if so, the evaluation proceeds to the next step.

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id., § 404.1520(d).* If so, benefits are awarded; if not, the evaluation continues.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. *Id., § 404.1520(e).* If so, benefits are denied; if not, the evaluation continues.

Step 5 involves a determination of whether the claimant is able to perform other substantial and gainful work within the economy, given claimant's age, education and work experience. *Id., § 404.1520(f).* If so, benefits are denied; if not, benefits are awarded.

The plaintiff's current applications were protectively filed on June 21, 2002, alleging an onset date for disability of November 11, 2001. An administrative hearing was held on January 14, 2004 (T. 29-44), after which the ALJ issued his written decision, dated April 17, 2004, containing the following relevant findings:

3.      The medical evidence establishes that the claimant has avascular

AO72A
(Rev. 8/82)

necrosis of the right hip status-post bilateral hip replacement and hypertension, which are severe impairments.

4.  The claimant does not have an impairment or combination of impairments listed in or medically equal to one listed in 20 C.F.R., Part 404, Subpart P, Regulations No. 4. The factors necessary to meet or equal the requirements of any Listing, including 1.04 or 4.03, are not present.

5.  For reasons set out more fully in the rationale of the decision, the claimant's testimony as it relates to his ability to perform work is generally credible, but even accepting his testimony as true, it is inconsistent with disability (SSR 96-7p, 20 C.F.R. 404.1529 and *Polaski v. Heckler, 751 F.2d 943, 948 (8th Cir.1984).*

6.  The claimant has a residual functional capacity for a wide range of sedentary work which requires him to lift up to ten pounds and occasionally lift or carry articles like docket files, ledgers and small tools, with only occasional climbing, stooping, kneeling, crouching or crawling.

7.  The claimant is unable to perform his past relevant work. The testimony of the vocational expert was a key factor in making this finding.

10  Considering the claimant's age, education, relevant work experience and residual functional capacity, there are jobs which the claimant could perform, existing in significant numbers in the national economy. Examples of such jobs listed by the vocational expert are printed circuit board assembler, press operator and final assembler

11. The claimant is not disabled, as defined in the Social Security Act, at any time since November 11, 2001. (20 CFR § 404.1566).

(T. 20-21).

## Applicable Law:

This court's review is limited to whether the decision of the Commissioner to deny

disability benefits to the plaintiff is supported by substantial evidence on the record as a whole.

AO72A
(Rev. 8/82)

*Lorenzen v. Chater, 71 F.3d 316, 318 (8th Cir.1995)*. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might accept it as adequate to support a conclusion. *Pickney v. Chater, 96 F.3d 294, 296 (8th Cir.1996)*. The undersigned must consider both evidence that supports and evidence that detracts from the Commissioner's decision, but the denial of benefits shall not be overturned even if there is enough evidence in the record to support a contrary decision. *Johnson v. Chater, 87 F.3d 1015, 1017 (8th Cir.1996) (*citing *Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir.1993)*. The decision should not be reversed "merely because substantial evidence would have supported an opposite conclusion." *Harris v. Shalala, 45 F.3d 1190, 1193 (8th Cir.1995)* (citation omitted).

Moreover, the court's review is not simply "a rubber stamp for the [Commissioner's] decision and involves more than a search for evidence supporting the [Commissioner's] findings." *Tome v. Schweiker, 724 F.2d 711, 713 (8th Cir.1984)*. Indeed, "[t]o determine whether existing evidence is substantial, '[the court] must consider evidence that detracts from the [Commissioner's] decision as well as evidence that supports it.' " *Warburton v. Apfel, 188 F.3d 1047, 1050 (8th Cir.1999)* (quoting *Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir.1993))*. In addition, the court's review of the decision must include a determination as to whether the proper legal standards were applied. *See Nettles v. Schweiker, 714 F.2d 833, 835-36 (8th Cir.1983)*. Thus, this court's review is both limited and deferential to the agency. See *Ostronski v. Chater, 94 F.3d 413, 416 (8th Cir.1996)*.

The plaintiff bears the burden of proving that he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least 12 months or result in death. *42 U.S.C. § 423(d)(1)(A)*. See also,

-4-

*Ingram v. Chater, 107 F.3d 598, 601 (8th Cir.1997); Nettles v. Schweiker, 714 F.2d 833, 836 (8th Cir.1983).* Further, the plaintiff has the burden of showing that he is not able to perform his past relevant work. *Barrett v. Shalala, 38 F.3d 1019, 1024 (8th Cir.1994).* Thus, the plaintiff has a responsibility to present the strongest case possible. See *Thompson v. Sullivan, 928 F.2d 255, 260 (8th Cir.1991).*

Because the ALJ determined that this plaintiff was unable to return to his past relevant work, the burden of persuasion shifted to the Commissioner to show that plaintiff was able to engage in work in the national economy. *Sanders v. Sullivan, 983 F.2d 822, 823 (8th Cir.1992).* In the present case, the ALJ utilized the testimony of a vocational expert (hereinafter "VE"), to reach his decision that plaintiff was not disabled. When, as here, the ALJ finds the plaintiff's nonexertional impairments significantly diminish his or her residual functional capacity to perform the full range of activities listed in the Guidelines, the Commissioner must produce expert vocational testimony or other similar evidence to establish that there are jobs available in the national economy for a person with the plaintiff's characteristics. *Thompson, 850 F.2d at 349;* see also *Harris v. Shalala 45 F.3d 1190, 1194 - 1194 (8th Cir.1995).*

Nonexertional limitations are limitations other than on strength but which nonetheless reduce an individual's ability to work. Examples are mental, sensory or skin impairments, as well as impairments which result in postural and manipulative limitations or environmental restrictions. See *20 C.F.R. Subpart P, Appendix 2, § 200.00(e) (1986).* Pain is a nonexertional impairment. See *Beckley v. Apfel 152 F.3d 1056, 1059 (8th Cir.1998); Cline, 939 F.2d 560, 565 (8th Cir.1991).*

-5-

When making determinations regarding the credibility of a plaintiff's subjective allegations of pain, *Polaski v. Heckler, 739 F.2d 1320 (8th Cir.1984),* requires the administrative factfinder to examine such matters as: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and, (5) functional restrictions. *Polaski,* 739 F.2d at 1322. When rejecting a plaintiff's complaints of pain, however, the ALJ must make an express credibility determination detailing his reasons for discrediting the testimony. *Ricketts v. Secretary of H.H.S., 902 F.2d 661, 664 (8th Cir.1990).*

Further, the ALJ may discredit subjective complaints which are inconsistent with the record as a whole. *Ownbey v. Shalala*, 5 F.3d 342, 344 (8th Cir.1993). The law on this issue is clear. Under *Polaski v. Heckler*, 739 F.2d 1320, 1321-22 (8th Cir.1984), "an ALJ must look at five factors when determining the credibility of a claimant's subjective allegations of pain: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) aggravating and precipitating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions." *Harris v. Shalala, 45 F.3d 1190, 1193 (8th Cir.1995); see also Baker v. Sec. of HHS, 955 F.2d 552, 555 (8th Cir.1992).* The absence of an objective medical basis which supports the subjective complaints of pain is just one factor to be considered in evaluating the credibility of a plaintiff's subjective complaints of pain. *Polaski v Heckler, 751 F.2d 943, 948 (8th Cir.1984); see also, Chamberlain v. Shalala, 47 F.3d 1489, 1494 (8th Cir.1995).* The ALJ must "discuss" these factors in the hearing decision. *Herbert v. Heckler, 783 F.2d 128, 131 (8th Cir.1986)(citing Polaski v. Heckler, 751 F.2d 943, 948-950 (8th Cir.1984)).* Consideration must also be given to all the evidence presented related to the

AO72A
(Rev. 8/82)

claimant's prior work history, and the observations of non-medical third parties, as well as treating and examining physicians related to the above matters. *20 C.F.R. § 416.929; Social Security Ruling 96-7p; Polaski v. Heckler, 751 F.2d 943 (8th Cir.1984)*(subsequent history omitted).

"While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced." *Polaski v. Heckler*, *739 F.2d at 1322.*

To determine whether the ALJ properly applied the factors listed in *Polaski*, we must determine whether the ALJ took into account all the relevant evidence, and whether that evidence contradicted the claimant's own testimony so that the ALJ could discount the testimony for lack of credibility. *Benskin v. Bowen*, *830 F.2d 878, 882 (8th Cir.1987).* The ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, *862 F.2d 176, 179 (8th Cir.1988).*

Implicit in the ALJ's task of making a credibility determination is the requirement that he "discuss" the *Polaski* factors. *Herbert v. Heckler*, *783 F.2d at 130* (the *Polaski* cases and the Social Security Disability Reform Act of 1984 require that the Commissioner set forth the inconsistencies in the objective medical evidence presented and discuss the factors set forth in the *Polaski* settlement when making "credibility" determinations concerning claimant's subjective complaints of pain).

In summary, the ALJ must discuss and point out the inconsistencies in the record, in order to make a credibility determination. *Cline v. Sullivan, 939 F.2d 560, 565 (8th Cir.1991)*

-7-

AO72A
(Rev. 8/82)

("it is not enough that inconsistencies may be said to exist, the ALJ must set forth the inconsistencies in the evidence presented and discuss the factors set forth in *Polaski* when making credibility determinations"); *Herbert v. Heckler*, *783 F.2d at 131* (even though evidence with respect to *Polaski* factors is in the record, those factors must be discussed in the decision).

Residual functional capacity is what a plaintiff can do despite his limitations, and it must be determined on the basis of all relevant evidence, including medical records, physician's opinions, and the plaintiff's description of his limitations. *Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir.2001);* see also, *Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir.1995); 20 C.F.R. §§416.945(a).*

Further, the prevailing rule, in the United States Court of Appeals for the Eighth Circuit and elsewhere, is that "the report of a consulting physician who examined the claimant once does not constitute 'substantial evidence' upon the record as a whole, especially when contradicted by the evaluation of the claimant's treating physician." *Turpin v. Bowen, 813 F.2d 165, 170 (8th Cir.1987).* However, neither is the opinion of the treating physician "conclusive in determining disability status, [since it] must be supported by medically acceptable clinical or diagnostic data." *Matthews v. Bowen, 879 F.2d 422, 424 (8th Cir.1989).* Moreover, the deference accorded a treating physician is premised upon, as exists here, a presumed familiarity with the plaintiff's condition. *See, e.g., Peterson v. Shalala 843 F.Supp. 538, 541 (D.Neb.,1993)* citing *Havas v. Bowen, 804 F.2d 783, 785 (2d Cir.1986).*

The fact that a physician is not trained in the statutes and regulations of the Social Security Act does not preclude the physician from evaluating the plaintiff. The physician's

-8-

findings and conclusions constitute substantial evidence which must be carefully weighed by

the ALJ and the Commissioner.  Unless there is medical evidence that contradicts or refutes the

physician's medical conclusion, the Commissioner is *bound* to treat the treating physician's

diagnosis and conclusion as substantial evidence.[1]  *Morse v. Shalala 16 F.3d 865, 872 -873 (8th*

*Cir.1994),* citing *Bastien v. Califano, 572 F.2d 908, 912 (2d Cir.1978);* see also *Whitney v.*

*Schweiker, 695 F.2d 784, 789 (7th Cir.1982)* ("If the ALJ concludes that a treating physician's

evidence is credible, therefore, he should give it controlling weight in the absence of evidence

to the contrary because of the treating physician's greater familiarity with the plaintiff's

conditions and circumstances."

We note, however, that although a treating physician's opinion is entitled to great

weight, it does not automatically control or obviate the need to evaluate the record as whole.

*Hogan v. Apfel 239 F.3d 958, 961 (8th Cir.2001).*  The ALJ may discount or disregard such an

opinion if other medical assessments are supported by superior, or more thorough medical

evidence, or if the treating physician has offered inconsistent opinions.  *Id; Rogers v.*

*Chater,118 F.3d 600, 602 (8th Cir.1997).*

**Discussion:**

At the outset, the plaintiff contends that the ALJ erred in that he failed to "present a

---

[1] This approach is consistent with Social Security Regulations that grant controlling
weight to a treating physician's opinion if it is "well-supported by medically acceptable clinical
and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence"
in the case. *See 20 C.F.R. § 416.927(d)(2) (1993) (effective Aug. 1, 1991); Nelson v. Sullivan,*
*966 F.2d 363, 367-68 (8th Cir.1992)* (recognizing that "the new regulation merely codifies this
circuit's law regarding the opinions of treating physicians").

AO72A
(Rev. 8/82)

hypothetical that included all of plaintiff's disabilities." (Doc. #9, p. 1). The plaintiff, stating

further, contends that the ALJ ignored the treating surgeon's opinion of September 26, 2002:

> He is stiff in his back. He is stiff in his hips. He is stiff in his knees. Certainly
> with a picture of bilateral hip arthritis, aseptic necrosis. He also has some
> significant arthritis in the lower back and this has the picture of an inflammatory
> type of arthritis perhaps even an ankylosing spondylitis or rheumatoid.
> Although the x-rays were more of an aseptic necrosis.
>
> Try him on some anti-inflammatories today to see if we can decrease this
> morning stiffness. Placed him on Vioxx 25 daily. He still has weakness in both
> hip abductors as you would expect and this man is obviously totally disabled for
> any employment and really on a permanent basis.

(T. 241). Dr. Ralph Cash, an orthopedic surgeon, began treating the plaintiff on November 13,

2001. He performed the right total hip replacement surgery on February 1, 2002 (T. 221-224),

and the left total hip replacement surgery on May 9, 2002 (T. 225-227). Nonetheless, the ALJ

fails to mention Dr. Cash's findings and opinions, much less articulate as to why the same were

discounted. This is error.

The ALJ should determine a plaintiff's RFC "based on all the relevant evidence,

including the medical records, observations of treating physicians and others, and an

individual's own description of his limitations." *McKinney v. Apfel, 228 F.3d 860, 863 (8th

Cir.2000).* He may not simply draw his own inferences about plaintiff's functional ability from

medical reports. *Shontos v. Barnhart, 328 F.3d 418, 427 (8th Cir.2003).* The ALJ must at least

minimally articulate reasons for crediting or rejecting evidence of disability. *Strongson v.

Barnhart 361 F.3d 1066, 1070 (8th Cir.2004);Ingram v. Chater, 107 F.3d at 601.*

-10-

**Conclusion:**

Accordingly, the undersigned concludes that the decision of the ALJ, denying benefits

to the plaintiff, is not supported by substantial evidence of record and should be reversed and

this matter remanded to the Commissioner for proper consideration of the treating physician's

opinion. Upon remand, the parties are also directed to obtain a residual functional capacity

assessment from the treating surgeon.

ENTERED this 24th day of August, 2005.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)